LITLE *v.* GRIEVE

EVIDENCE—REBUTTAL—DISCRETION—CONTINUANCE.
The admission of rebuttal evidence was not prejudicial to defendant where the court granted a one-day continuance so that defendant could bring in a surrebuttal witness, and was within the discretion of the court.

Appeal from Wayne, George E. Bowles, J. Submitted Division 1 June 10, 1970, at Detroit. (Docket No. 6,255.) Decided June 29, 1970.

Complaint by Mary Litle against George Grieve, himself and as administrator of the estate of Gladys P. Grieve, for injuries sustained in an automobile-pedestrian accident. Judgment for plaintiff. Defendant appeals. Affirmed.

*Davidson, Gotshall, Halsey, Kohl, Nelson, Secrest & Wardle (John J. Beach,* of counsel), for plaintiff.

*Garan, Lucow & Miller,* for defendant.

Before: DANHOF, P. J., and V. J. BRENNAN and J. J. KELLEY JR.,* JJ.

PER CURIAM. This action arose out of an automobile-pedestrian accident which occurred in Octo-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

REFERENCE FOR POINTS IN HEADNOTE
30 Am Jur 2d, Evidence §§ 250, 269.

ber, 1961. A jury trial was held and plaintiff was awarded $18,000. Defendant's motion for a new trial was denied, and he has appealed alleging several errors.

After a careful reading of the trial court's instructions regarding the application of MCLA §§ 257.612, 257.613 (Stat Ann 1968 Rev §§ 9.2312, 9.2313) concerning pedestrians crossing streets, we hold that the instructions were not erroneous.

Defendant asserts that the admission of the rebuttal testimony was prejudicial to him because he was surprised and plaintiff was trying to get in a last word to the jury. The record does not support these allegations since the trial court granted a one-day continuance so that defendant could bring in a surrebuttal witness. We find no error. The admission of rebuttal evidence rests in the sound discretion of the court. *Arnold* v. *Ellis* (1966), 5 Mich App 101.

The other issues raised by defendant relating to the denial of a directed verdict, plaintiff's contributory negligence as a matter of law, and the verdict being against the great weight of the evidence are not sustained by the record.

Affirmed, costs to plaintiff.